UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK C. ALLEN, | Case No. 3:25-cv-05139-TMC |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| UNITED STATES DEPARTMENT OF LABOR OFFICE OF WORKER'S COMPENSATION, | |
| Defendant. | |

### I.   INTRODUCTION

Pro Se Plaintiff Frank Allen worked as a rigger's assistant and rigger at the Puget Sound Naval Shipyard for many years. In 1989, he injured his neck, shoulders, and back while on the job, and he stopped working in 1990. The Department of Labor's ("DOL") Office of Worker's Compensation ("OWCP") approved his claim for permanent disability. In 2011, a doctor determined that his injury had healed, and that he could return to his work as a rigger. He attempted to return to work, but after completing a physical exam to assess his health and ability, he was hospitalized for his pain. While OWCP paid for his hospital stay, OWCP denied a claim

ORDER ON PENDING MOTIONS - 1

for benefits, stating that he was not an employee at the time of the injury. Accordingly, his worker's compensation was terminated.

Mr. Allen sued OWCP for terminating his benefits. Dkt. 1; Dkt. 8. Mr. Allen brings claims for 1) negligence; 2) violation of the Federal Tort Claims Act ("FTCA"); 3) violation of the Longshore and Harbor Worker's Compensation Act ("LHWCA"); and 4) fraud and misrepresentation. Dkt. 8. Mr. Allen moved to appoint counsel. Dkt. 22; Dkt. 27. In response, OWCP moved to dismiss, maintaining that Mr. Allen's claims were preempted by the Federal Employees' Compensation Act ("FECA"). Dkt. 16. OWCP also argues that Mr. Allen's claims should be dismissed because 1) he failed to timely exhaust his administrative remedies and 2) the FTCA bars claims for fraud and misrepresentation. *Id.* The Court agrees. Thus, as explained below, the Motion to Dismiss, Dkt. 16, is GRANTED, and the Court DISMISSES with prejudice all claims. The Motions to Appoint Counsel, Dkt. 22; Dkt. 27, and the Motion for Release of a Medical Report, Dkt. 24, are DENIED as moot.

## II.  BACKGROUND

Mr. Allen worked first as a rigger's assistant and then a rigger at the Puget Sound Naval Shipyard in Washington from 1967 to 1969 and again from 1971 to 1990. Dkt. 8 ¶ 5.1. On March 15, 1989, Mr. Allen injured his neck, shoulders, and back while at work. *Id.* ¶ 5.2. A doctor who evaluated Mr. Allen that July noted that he was unable to work and likely would not ever be able to return to work as a rigger. *Id.* ¶ 5.4. Mr. Allen stopped working on March 19, 1990, and "was placed on permanent disability." *Id.* ¶ 2.2.

On April 26, 2011, Mr. Allen was evaluated by Dr. Patrick Bays, an orthopedic surgeon. *Id.* ¶ 2.8. Mr. Allen states that Dr. Bays "spent less than 15 minutes" evaluating Mr. Allen and his x-ray scans. *Id.* Mr. Allen alleges that Dr. Bays never actually saw any of his scans. *Id.*

Case 3:25-cv-05139-TMC    Document 30    Filed 08/28/25    Page 3 of 10

Mr. Allen claims that, because of this "faulty evaluation," claims examiners at OWCP determined that Mr. Allen was no longer eligible for disability benefits. *Id.* ¶¶ 2.9, 6.5.

On January 31, 2012, OWCP terminated Allen's worker's compensation. *Id.* ¶ 5.6. Mr. Allen reached out to the Puget Sound Naval Shipyard about returning to work. *Id.* ¶ 2.10. He was required to complete a physical exam to do so. *Id.* After completing the test, Mr. Allen "noted increased low back pain and bilateral knee pain." *Id.* On March 17, 2012, Allen was admitted to the hospital for "severe pain in his knees." *Id.* ¶ 2.11. He alleges that "OWCP paid for [his] hospital stay but when he filed a claim OWCP denied it stating he was not an employee at the time of injury." *Id.* ¶ 2.12.

Then, in May 2012, OWCP "requested a Referee Examination" be completed by Dr. Richard Johnson. *Id.* ¶ 2.15. Dr. Johnson found that Dr. Bays, and others, had erred in finding that Mr. Allen could return to work. *Id.* He stated that "[a]n extensive review of the medical records does reveal serial documentation of significant impairment of lumbar function." *Id.* Dr. Johnson agreed that Mr. Allen remained "totally disabled." *Id.* His benefits were ultimately reinstated, but "not before harm was done." *Id.* ¶ 6.7.

Mr. Allen alleges that he "was injured as a proximate result of the claims examiner's negligent decision as it required him to go back to work." *Id.* ¶ 6.6. He also alleges that he was "injured while taking" the return-to-work exam and that the claims examiners wrongly refused to accept a related claim. *Id.* He further claims that he was "injured when OWCP's claim examiners negligently terminated his medical benefits and compensation for lost wages." *Id.* ¶ 7.2. Lastly, Mr. Allen claims that OWCP engaged in fraud and misrepresentation when they "stated that they would train the Plaintiff in a different job but failed to do so." *Id.* ¶ 9.2.

On February 20, 2025, Mr. Allen moved to proceed in forma pauperis ("IFP"). Dkt. 1. Mr. Allen ultimately paid the filing fee and his complaint was docketed on March 25, 2025.

ORDER ON PENDING MOTIONS - 3

Dkt. 8. On July 7, 2025, OWCP moved to dismiss. Dkt. 16. Mr. Allen responded and moved to appoint counsel. Dkt. 22; Dkt. 27. The briefing is complete and the motion to dismiss and the motions to appoint counsel are ripe for the Court's consideration.

### III.    LEGAL STANDARD

A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Such challenges may be either "facial" or "factual." "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* Where, as here, the Court analyzes a facial attack, the Court will resolve the challenge "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.*

### IV.    DISCUSSION

A.    **FECA Preemption**

OWCP first argues that Mr. Allen cannot bring his case under the FTCA (including his negligence claim) because FECA offers an "exclusive remedy" for these claims. Dkt. 16 at 4. OWCP argues that "when an injury is covered under FECA, the exclusivity provision bars all other statutory remedies for claims arising under the same facts." *Id.* at 5. Thus, OWCP maintains, "it follows that since Allen's injuries in the instant matter were sustained in the performance of duty, [] FECA is his exclusive remedy, and he is barred from commencing an

action under the FTCA." *Id.* Further, OWCP notes, "the court is [also] barred from considering Allen's claims because the court lacks jurisdiction to evaluate decisions of the Secretary of Labor." *Id.*

FECA requires the Government to "pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) (quoting 5 U.S.C. § 8102(a)). FECA contains an exclusivity provision. 5 U.S.C. § 8116(c). The provision bars recovery under any other statute—such as the FTCA—where an employee could otherwise recover benefits under FECA. *See id.* In such a case, FECA becomes the exclusive remedy. *Id.*; *see also Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993), *cert. denied*, 511 U.S. 1030 (1994) ("The remedies provided under FECA are exclusive of all other remedies against the United States for job-related injury or death."). "In other words, if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted." *Moe*, 326 F.3d at 1068.

But FECA is not all encompassing; it covers only injuries incurred at work, like a worker's compensation statute. *See Hawkins v. United States*, 14 F.4th 1018, 1019–20 (9th Cir. 2021); *Lockheed Aircraft Corp. v. U.S.*, 460 U.S. 190, 194 (1983) ("Congress adopted the principal compromise—the 'quid pro quo'—commonly found in workers' compensation legislation[.]"). Injuries that are "unrelated to a federal worker's employment . . . would, thus, not be a colorable FECA claim." *Madera-Font v. United States*, No. CV-22-08225-PCT-GMS, 2024 WL 1195514, at *3 (D. Ariz. Mar. 20, 2024). Accordingly, "determining where FECA's exclusive reign ends—and the FTCA's begins—requires an analysis of the injury." *Id.*

As the Ninth Circuit has explained, "FECA claims raise two questions: (1) is the injury within the scope of FECA, and (2) is the plaintiff entitled to compensation under the facts of her

ORDER ON PENDING MOTIONS - 5

case." *Moe*, 326 F.3d at 1068. Entitlement to compensation is a question for the Secretary of Labor. *Id.* "Scope, on the other hand, is a question that must be answered by the federal courts, because it is one of jurisdiction." *Id.* If a plaintiff has a colorable claim under FECA, then the court must dismiss the claim, as it lacks jurisdiction. *Id.* But if a plaintiff does not have a claim under FECA, then the court may retain jurisdiction. *See id.*

Additionally, Section 8128(b) of FECA provides that the courts lack jurisdiction to review FECA claims challenging the merits of benefit determinations:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court of mandamus or otherwise.

This "language is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction." *Staacke v. U.S. Sec'y of Lab.*, 841 F.2d 278, 281 (9th Cir. 1988)*; see also S.W. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (recognizing that courts "have no jurisdiction over FTCA claims where the Secretary determines that FECA applies.").

Here, Mr. Allen has failed to establish that this Court has jurisdiction over his claims against the Secretary of Labor, and specifically, against OWCP. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) (explaining that the plaintiff bears the burden of establishing subject matter jurisdiction). First, Mr. Allen does not dispute that his injury occurred in the course of his federal employment. In fact, Mr. Allen argues that his claim for benefits was wrongfully denied because he sustained his injuries "while in the performance of his duty," as

ORDER ON PENDING MOTIONS - 6

defined in 5 U.S.C. § 8102(a), and thus has a "colorable claim under FECA." *See Moe*, 326 F.3d at 1068 (citing *Figueroa*, 7 F.3d at 1408); Dkt. 8 ¶¶ 2.3, 5.2, 6.3, 6.6.

Additionally, Mr. Allen's Amended Complaint, Dkt. 8, and Response, Dkt. 20, make clear that his claims are based on his allegation that OWCP wrongfully denied him certain benefits. For example, Mr. Allen alleges that he "was injured as a proximate result of the claims examiner's negligent decision as it required him to go back to work." *Id.* ¶ 6.6. He further claims that he was "injured when OWCP's claim examiners negligently terminated his medical benefits and compensation for lost wages." *Id.* ¶ 7.2.

Thus, Mr. Allen's contentions that "OWCP was negligent in processing his claim is inextricably intertwined with his underlying substantive claim for benefits under FECA." *Nelson v. Paulson*, No. C08-1034-JCC, 2009 WL 927805, at *3 (W.D. Wash. Apr. 1, 2009). This precludes Mr. Allen from relying on the FTCA. Mr. Allen's FTCA claims are preempted by FECA.

Further, Mr. Allen argues that OWCP's denial of his claim for certain benefits was wrongful and negligent. Dkt. 8 ¶¶ 6.5–6.8, 7.2–7.5. The Court cannot review the Secretary of Labor's determination regarding benefits. 8 U.S.C. § 8128(b); *see also Lindahl v. Off. of Personnel Mgmt.*, 470 U.S. 768, 780 n. 13 (1985) (explaining that FECA contains an "unambiguous and comprehensive" provision barring judicial review of the Secretary of Labor's determination of FECA coverage). Thus, "[t]he Court is without jurisdiction to entertain such claims." *Nelson*, 2009 WL 927805, at *3 (citing 5 U.S.C. §§ 8128(b), 8116(c)); *see also Lindahl*, 470 U.S. at 780 n.13.

Mr. Allen's claims under the FTCA for negligence in denial of his benefits must therefore be DISMISSED as the Court lacks jurisdiction. Because the Court finds Mr. Allen's

claims preempted by FECA, the Court does not consider OWCP's alternative argument that he failed to exhaust his administrative remedies. Dkt. 16 at 7.

**B.      Claims Under LHWCA**

Second, Mr. Allen also brings claims under the LHWCA. Dkt. 8 ¶¶ 8.1–8.7. As Mr. Allen correctly identifies, the LHWCA "covers employees in traditional maritime occupations" for injuries that "occur on the navigable waters of the United States or in the adjoining areas[.]" *Id.* ¶¶ 8.2–8.3; *see also* 33 U.S.C. § 902(3)–(4). But, as OWCP points out in their motion to dismiss, the statute explicitly exempts government officers and employees. Dkt. 16 at 6 n.3 (citing 33 U.S.C. § 903(b)). Specifically, Section 903(b) states that "[n]o compensation shall be payable in respect of the disability or death of an officer or employee of the United States, or any agency thereof, or of any State or foreign government, or any subdivision thereof."

Thus, as a federal government employee, Mr. Allen cannot bring a claim under the LHWCA for benefits. This claim too is DISMISSED.

**C.      Fraud and Misrepresentation Under the FTCA**

Lastly, OWCP argues that Mr. Allen's claims for fraud and misrepresentation are not actionable under the FTCA. Dkt. 16 at 8.

The FTCA provides a limited waiver of sovereign immunity, allowing certain tort claims against the United States. *See, e.g.*, *Pauly v. U.S. Dep't of Agri.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (citing 28 U.S.C. § 1346(b)(1)). But Congress expressly excluded claims arising out of misrepresentation, deceit, or fraud from this waiver. *Id.* at 1151–52 (citing 28 U.S.C. § 2680(h)). Accordingly, the United States is entitled to sovereign immunity on Mr. Allen's fraud and misrepresentation claims. *Id.*; *see also Abbey v. United States*, 112 F.4th 1141, 1146 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1889 (2025) ("The Supreme Court has held that 'the essence of an action for misrepresentation, whether negligent or intentional, is the communication of

ORDER ON PENDING MOTIONS - 8

misinformation on which the recipient relies.'. . . So by its plain text, section 2680(h) does not merely preclude claims for misrepresentation. Rather, it bars any claim 'arising out of' misrepresentation.") (citation modified). These claims too must be DISMISSED.

### D. Dismissal with Prejudice

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a litigant who is unrepresented by an attorney is entitled to notice of problems with the complaint that would result in the case being dismissed, and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court is not required to grant an opportunity to amend the complaint "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, dismissal with prejudice is required because Mr. Allen cannot cure the problems with his complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (internal citations omitted). No amendment would enable the Court to review the Secretary's benefits determination under FECA or allow Mr. Allen to bring his claims through the FTCA. Other courts have declined to offer leave to amend under similar facts. *See, e.g.*, *Lewis v. U.S. Dep't of Worker's Comp. Programs*, No. 2:12-CV-2417 KJM DAD, 2013 WL 3242207, at *3 (E.D. Cal. June 25, 2013) (denying leave to amend where plaintiff challenged benefits determination under FECA); *Petersen v. U.S. Dep't of Labor,* No. 03–0918 SI, 2003 WL 21982812, at *3 (N.D.Cal. Aug. 11, 2003) (dismissing with prejudice plaintiff's negligence claim for his on-the-job injuries

because FECA is the exclusive remedy for federal employees who suffer injuries covered by FECA); *Sigala v. Treasure Island Job Corps Ctr.*, No. C 12-03699 LB, 2013 WL 321674, at *4 (N.D. Cal. Jan. 28, 2013) (similar).

## V.  CONCLUSION

For these reasons, the Motion to Dismiss, Dkt. 16, is GRANTED. The case is DISMISSED with prejudice. The pending Motions to Appoint Counsel, Dkt. 22; Dkt. 27, and Motion for Release of a Medical Report, Dkt. 24, are DENIED as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of August, 2025.

Tiffany M. Cartwright
United States District Judge